1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11   JUSTIN LUCAS,                        Case No.:  15cv1923 AJB (BLM)
12                         Petitioner,
                                          **ORDER:**
13   v.
14   G.J. JANDA,                          **(1) OVERRULING PETITIONER'S**
                                          **OBJECTIONS;**
15                         Respondent.
                                          **(2) ADOPTING REPORT AND**
16                                        **RECOMMENDATION IN ITS**
17                                        **ENTIRETY (Doc. No. 19);**
18                                        **(3) DENYING PETITION FOR WRIT**
19                                        **OF HABEAS CORPUS;**
20                                        **(4) DENYING AS MOOT MOTION**
21                                        **TO DISMISS (Doc. No. 8); AND**
22
                                          **(5) DECLINING TO ISSUE A**
23                                        **CERTIFICATE OF**
24                                        **APPEALABILITY**
25
26        On August 31, 2015, Petitioner Justin Lucas, a state prisoner proceeding pro se and
27   in forma pauperis, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
28   (Doc. No. 1.) Petitioner challenges a decision of the prison's disciplinary hearing officer

                                         1

that found Petitioner guilty of distributing a controlled substance. As a result, Petitioner received a 180-day forfeiture of credits and other penalties. Respondent filed a motion to dismiss the Petition on December 18, 2015. (Doc. No. 8.) The motion to dismiss asserts Petitioner's claims are procedurally defaulted because Petitioner failed to exhaust his administrative appeals. On January 12, 2016, Petitioner filed a traverse and an opposition to the motion to dismiss. (Doc. Nos. 9–11.) During the briefing process, the Court ordered the parties to address the merits of the Petition. (Doc. No. 14.)

Following completion of briefing on the procedural default and merits of the Petition, Magistrate Judge Barbara Major issued a report and recommendation ("R&R"). (Doc. No. 19.) The R&R recommends the Court deny the Petition on the merits and that Respondent's motion to dismiss be denied as moot.[1] Petitioner filed objections to the R&R on July 1, 2016. (Doc. No. 20.) Respondent has not filed a reply.

Presently before the Court are the Petition, the R&R, Petitioner's objections to the R&R, and Respondent's motion to dismiss. For the reasons stated below, the Court **OVERRULES** Petitioner's objections to the R&R, **ADOPTS** the R&R in its entirety, and **DENIES** the Petition for habeas corpus.

<u>**BACKGROUND**</u>

On January 22, 2013, Petitioner was asleep in his cell at the Calipatria State Prison when his cellmate, Johnson, woke him up and stated that correctional officers wanted to conduct a random search of their cell. (Doc. No. 1 at 5–6, 11.) During the subsequent search of their cell, a correctional officer discovered four bindles containing unknown substances wrapped in clear plastic inside a detergent box. (*Id.* at 6.) Additionally, the correctional officer discovered a cell phone hidden in Johnson's shoe. (*Id.*) The bindles containing the unknown substance tested positive for controlled substances. (*Id.*)

---

[1] Judge Major elected to address the merits of the Petition as opposed to the procedural bar issue. (*See* Doc. No. 19 at 6) (citing *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002)).

Petitioner was charged with a rules violation for distribution of a controlled substance. (*Id.* at 5.)

On February 27, 2013, a rules violation hearing was conducted. Petitioner's cellmate testified that contraband found in their cell belonged to him and that Petitioner had no knowledge it was there. (Id. at 6–7.) Petitioner was found guilty of "introduction of a controlled substance for distribution" and was assessed a 180 day forfeiture credit, and other penalties. (*Id.* at 39.) Petitioner now challenges whether sufficient evidence underlies his forfeiture of credits, as Petitioner maintains he was unaware the controlled substances were located within his cell. (*See* Doc. No. 20.)

### LEGAL STANDARD

The duties of the district court in connection with a Report and Recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

In this case, review of the Petition is governed by the framework of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because the Petition was filed in 2010, well after the Act's effective date. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). As amended by AEDPA, 28 U.S.C. § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in
the State court proceeding.
28 U.S.C. § 2254(d).

## DISCUSSION

A prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits because credits impact the duration of the prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (suit seeking restoration of good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself").

The standard for judicial review of a finding by a prison-hearing officer is whether there is "some evidence" to support the hearing officer's conclusion. *Superintendent v. Hill*, 472 U.S. 445, 456–457 (1985). The federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. *Id.* 457. This standard is met if there was some evidence from which the conclusion of the hearing officer could be deduced. *Id.* at 455. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Id.* at 455–456. Even just one piece of evidence may be sufficient to meet the "some evidence" requirement, if that evidence has sufficient indicia of reliability." *Bruce v. Yslt*, 351 F.3d 1283, 1288 (9th Cir. 2003); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (stating the "relevant question is whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board") (emphasis in original).

Through his objections to the R&R, Petitioner asserts there are no facts or evidence to support the conclusion that the contraband found in Petitioner's cell was in plain view, or that he had actual possession of the contraband. (Doc. No. 20 at 4.) Petitioner also

distinguishes the authority cited in the R&R as factually different because in each instance, the contraband at issue was found in a common area of the cell. (*Id.* at 5.)

The arguments advanced by Petitioner do not warrant departure from the conclusion articulated in the R&R. The senior hearing officer that presided over Petitioner's rules violation hearing relied on evidence sufficient to meet the standard articulated by *Hill*. The hearing officer cited the reporting officer's observation that the contraband was found in an area within the reach of both inmates in a common area of the cell. Additionally, as noted in the rules violation report, an inmate is deemed to have constructive possession of anything found in his or her cell, and where an inmate has a roommate, both can be found guilty of possession for contraband found in their shared cell. (Doc. No. 1 at 38.) Although Petitioner maintains he was unaware of the contraband, the senior hearing officer considered both Petitioner's claim of innocence and Johnson's statement that Petitioner was unaware of the contraband. (*Id.* at 31, 35.) The Court's role is limited to determining whether the "some evidence" standard is satisfied; the Court is not to reassess the credibility of witnesses or weigh the evidence offered in support of the guilty finding. *See Hurd v. Scribner*, No. 06CV0413, 2008 WL 544265, at *2 (S.D. Cal. Feb. 27, 2008) ("Under the 'some evidence' standard, however, the Court cannot entertain the contention that the board did not properly weigh the evidence before it, or neglected to consider evidence favoring Petitioner.").

Additionally, that Johnson took responsibility for the contraband does not absolve Petitioner of potential liability, as both may have had knowledge of its location. *See In re Zepeda*, 141 Cal. App. 4th 1493, 1500 (2006) ("Zepeda's reliance on the evidence that supports his assertion not to have known about the razor blades, such as his cellmate's acknowledgement of ownership and Zepeda's own claim of innocence, does not change the analysis under *Hill*."). Even in the cases Petitioner attempts to distinguish, courts have noted that alternate explanations for contraband does not mandate reversal of the findings of a disciplinary board. *See Dickerson v. Foulk*, No. 2:14CV0731, 2014 WL 6612094, at *2 (E.D. Cal. Nov. 20, 2014) ("Under the 'some evidence' standard, that this is not the

only possible conclusion does not give Petitioner a basis for relief."). The Court in *Dickerson* also acknowledged that access to the place where the contraband was located was "sufficient to uphold the hearing officer's finding of culpability for possession." *Id.* at *3.

Based on the foregoing, Petitioner's conviction is supported by "some evidence" and accordingly, his objections to the R&R are **OVERRULED**. The R&R is **ADOPTED** in its entirety. (Doc. No. 19.) The Petition for writ of habeas corpus is **DENIED**, (Doc. No. 1), and Respondent's motion to dismiss is **DENIED AS MOOT**.

<u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A state prisoner may not appeal the denial of a § 2254 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(A); *see also United States v. Asrar*, 116 F.3d 1268, 1269–70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA. A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

For the reasons detailed above, the Court concludes that reasonable jurists could not find it debatable whether the Court is correct in denying the Petition. Thus, the Court declines to issue a certificate of appealability.

///

///

15cv1923 AJB (BLM)

1

<u>**C**ONCLUSION</u>

Finding the decision of the disciplinary board supported by the requisite "some evidence" standard articulated in *Superintendent v. Hill*, the Court **DENIES** the Petition for writ of habeas corpus. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

Dated:  August 9, 2016

Hon. Anthony J. Battaglia
United States District Judge

15cv1923 AJB (BLM)